# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JESUS EMMANUEL MARRERO-NARVAEZ,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO. 24-1270 (HRV)

**OPINION AND ORDER**

## I. INTRODUCTION

Plaintiff, Jesus Emmanuel Marrero Narvaez ("Plaintiff" and/or "Mr. Marrero-Narvaez") seeks review of the final administrative decision of the Commissioner of Social Security ("the Commissioner") denying his claim for disability benefits under the Social Security Act ("the Act"). (Docket Nos. 3 and 17). The Commissioner contends that the decision should be affirmed because it was based on substantial evidence. (Docket No. 21). After careful consideration of the record and for the reasons set forth below, I affirm the Commissioner's decision.

## II. LEGAL FRAMEWORK

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), any individual may obtain review of a final decision of the Commissioner. Under said statutory provision, the Court is empowered

1

"to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . ." *Id.* In addition, the statute provides that if supported by substantial evidence, the findings of the Commissioner as to any fact, shall be conclusive. *Id.*

A reviewing Court must uphold the decision of the Commissioner as long as the Administrative Law Judge ("ALJ") applied the correct legal principles, and the determination is supported by substantial evidence. *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). The scope of my review is thus limited. I am tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000); *see also Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).

To meet the evidentiary benchmark, more than a scintilla of evidence is required. *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018). But the threshold for evidentiary sufficiency is not particularly high; if after looking at the existing administrative record, the reviewing court is persuaded that it contains sufficient evidence to support the Commissioner's factual determinations, the decision is bound to be upheld. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (cleaned up). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). The ALJ's decision must be reversed, however, if it was arrived at "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**B.     The Five-Step Sequential Evaluation Process**

To be eligible for social security benefits, a claimant must demonstrate that he or she is "disabled" within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The Act defines disability in pertinent part as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(a) and 1382c(a)(3)(A). The impairment or impairments must be severe enough that "he [or she] is not only unable to do his [or her] previous work but cannot . . . engage in any other kind of substantial gainful work which exists [in significant numbers] in the national economy . . . ." *Id.*, § 423(d)(2)*,* § 1382c(a)(3)(B); *see also* 20 C.F.R. § 404.1520(a)(1).

The Commissioner follows a five-step evaluation process to determine disability. *See Mills v. Apfel*, 244 F.3d 1, 2 (1st Cir. 2001); 20 C.F.R. § 404.1520(a). These steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id*. The Plaintiff has the burden of proof at the first four steps of the process. *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001).

Step one considers work activity, that is, whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the person is, then he is not disabled under the Act. *Id.*  Step two asks whether plaintiff has a physical or mental impairment, or a combination of impairments, that is severe and meets the Act's duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii).

Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). At this step, if Plaintiff is determined to have an impairment that

meets or equals an impairment listed in 20 C.F.R. pt. 404, Subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). On the other hand, if the Plaintiff is not determined to be disabled at this step, his residual functional capacity ("RFC") is assessed. 20 C.F.R. § 404.1520(a)(4), (e). Once the ALJ determines the RFC, the inquiry proceeds to step four. Step four compares the Plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the Plaintiff can still do his past relevant work, he is not disabled. *Id.*

Finally, at step five, the Plaintiff's RFC is considered alongside his "age, education, and work experience to see if he can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If he can make an adjustment to other work, she is not disabled; if he cannot, she is disabled. *Id.* At this step, it is the Commissioner who has the burden "to come forward with evidence of specific jobs in the national economy that the applicant can still perform." *Freeman v. Barnhart*, 274 F.3d at 608 (*citing Arocho v. Sec'y of Health & Hman. Servs.*, 670 F.2d 374, 375 (1st Cir. 1982)).

### III. BACKGROUND AND PROCEDURAL HISTORY

Mr. Marrero-Narvaez applied for disability insurance benefits on February 27, 2020, alleging that his disability began on November 16, 2019. *See* Transcript of Social Security Proceedings ("Tr.").(Docket No. 11 (Tr. 710-711).[1] The claim was denied, initially

---

[1] Plaintiff has previously applied for social security benefits with an onset date of June 20, 2016, after he suffered a motorcycle accident. The claim ended in an unfavorable decision dated November 15, 2019. Plaintiff's onset date in this application is November 16, 2019, a day after the unfavorable decision. (Tr. 462-487); *Berry v. Comm'r of Soc. Sec.*, No. 14-3977, 2015 WL 4557374, at *9 (S.D.N.Y. July 29, 2015) ("Because Plaintiff applied for and was denied benefits . . . the earliest date on which Plaintiff could be found disabled was…the day after the date of the prior unfavorable initial determination.").

on September 9, 2020 (Tr. 539-542) and upon reconsideration on January 4, 2021 (Tr. 544-546). Mr. Marrero timely requested a hearing on February 23, 2021. (Tr. 547-548). On January 11, 2023, a telephone hearing was held, presided by ALJ Juan E. Milanes. (Tr. 670-675, 691).

On February 1, 2023, the ALJ issued an unfavorable decision. (Tr. 36-60). Mr. Marrero timely filed a Request for Review of the ALJ's decision, which was denied on April 19, 2024. (Tr. 1-9). Accordingly, the ALJ's decision became the Commissioner's final decision.

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period of his alleged onset date of November 16, 2019, through his date last insured of December 31, 2021. (Tr. 44-45).

The ALJ also determined that through the date last insured, Mr. Marrero-Narvaez had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, sacroiliitis, left pelvic fracture with status post open reduction internal fixation, left clavicular fracture, right wrist and hand strain with extension contracture, major depressive disorder, and generalized anxiety disorder. (Tr. 45).

At step three of the sequential evaluation process, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. (*Id.*). Additionally, the ALJ found the claimant has:

> the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except he had the option to alternate between sitting and standing once per hour for 5-10 minutes without being off task; occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; occasionally

5

>stoop, kneel, crouch, and crawl; frequently balance; occasionally push and pull with the lower left extremity; occasionally operate left foot pedals; frequently reach overhead bilaterally; frequently handle and finger with the right upper extremity; avoid even moderate exposure to hazardous machinery and all exposure to unprotected heights; and use a cane to ambulate to and from the work station and on uneven terrain.

(Tr. 47).

As for his mental condition, the ALJ found that Mr. Marrero-Narvaez "could perform simple and repetitive tasks in a low stress environment, defined as involving only simple work-related decisions, having no problem-solving tasks, and with 3 or less, if any, workplace changes in routine; occasionally perform jobs that require a strictly enforced production pace, such as conveyor belt jobs or jobs with specific hourly quotas; and frequently interact with coworkers and supervisors but occasionally with the public." (*Id.*).

At step four, the ALJ found that the Plaintiff is unable to perform his past relevant work of Automobile Mechanic DOT 620.261-010, medium, skilled, with a Specific Vocational Preparation (SVP) of 7, which he actually used to perform at the heavy level. (Tr. 53).

At step five, the ALJ determined that, through the prior disability determination date, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 54-55). The ALJ relied on the vocational expert's opinion that, given all these factors, Mr. Marrero-Narvaez can perform the requirements of representative occupations such as a Document Preparer (DOT 249.587-018), sedentary, unskilled, SVP 2 with 59,000 jobs

in the national economy; as Final Assembler (DOT 713.687-018), sedentary, unskilled, with an SVP-2 and an incidence of approximately 16,300 jobs in the national economy; and Electronics Inspector (DOT 726.684-110), sedentary, unskilled in nature with an SVP-2 and an incidence of approximately 8,000 jobs nationally. (Tr. 54-55). Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Act from the alleged onset date through the date last insured. (Tr. 55).

After his request for review was denied by the Appeals Council, (Tr. 1-9), Plaintiff filed a complaint seeking review in this Court. (Docket No. 3). The parties have submitted their respective briefs. (Docket Nos. 17 and 21).

## IV. ANALYSIS

Mr. Marrero-Narvaez moves the Court to reverse the Commissioner's decision on the following grounds: (1) the ALJ erred in the assessment of Plaintiff's physical conditions, specifically in ignoring Listing 1.17 "Reconstructive surgery of surgical arthrodesis of a major weight-bearing joint" and in the assessment of the sit and stand option; and (2) the ALJ erred in failing to consider new and material evidence sent to the Appeals Council that was not available during the hearing. (Docket No. 17).

I will address the issues in the same order they are presented.

**A. Assessment of Plaintiff's RFC**

    **1. Listing 1.17**

Listing 1.17 requires a claimant to show that he had,

> Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint (see 1.00H), documented by A, B, and C:
>
> A. History of reconstructive surgery or surgical arthrodesis of a major weight-bearing joint.

7

   AND

  B. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months.

   AND

  C. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.17.

  In this case, it is undisputed that Plaintiff had surgery on his left hip, (Tr. 48, 945), which is considered a "major weight-bearing joint." *Id.*, § 1.00(H)(2).

  At step three of the sequential evaluation, Mr. Marrero-Narvaez is required to demonstrate that his medical conditions met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (listings) for a continuous period of at least twelve consecutive months. 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. § 404.1525(c)(3); *see also Bowen,* 482 U.S. at 140-41.

  Mr. Marrero-Narvaez argues that the ALJ chose to ignore the medical evidence in the record containing all three elements of Listing 1.17 and did not even mention it in the written decision. He claims that such an omission warrants remand and cites to *Diaz v. Sec'y of Health & Hum. Servs.*, 746 F.2d 921, 924 (1st Cir. 1984) (vacating and remanding where the Court found that despite claimant's arguments that he met a particular listing, the opinion contained "no mention of that listing or findings with respect to it.").

  The Commissioner responds that the ALJ was not obligated to discuss Listing 1.17 because the written decision considered Listings 1.15(D)(1) and 1.16(D)(1) which equally

require a "documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands." For support, the Commissioner cites to *McCaskill v. Berryhill*, No. 3:18-1777, 2020 WL 1333448, at *10 (D. Conn. Mar. 23, 2020). In that case, the court denied the plaintiff's motion to reverse the decision of the Commissioner and sided with the Commissioner's view that "the ALJ was not required to explicitly consider each regulatory factor in the hearing decision." *Id.* (*citing Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013)). The Court reasoned that the ALJ's analysis and adherence to the legal framework was "clear." *Id.*

Recent cases from our district and sister courts supports the view that where the omission is harmless, meaning that the record supports affirmance, the Court should not vacate and remand. *See Ward,* 211 F.3d at 656 (*citing Dantran, Inc. v. United States Dep't of Labor*, 171 F.3d 58, 73 (1st Cir.1999)); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998) ("While an error of law by the ALJ may necessitate a remand, . . . a remand is not essential if it will amount to no more than an empty exercise."); *Medina-Augusto v. Comm'r of Soc. Sec.*, No. CV 14-1431 (BJM), 2016 WL 782013, at *9 (D.P.R. Feb. 29, 2016) (gathering cases) ("As mentioned, the ALJ at step three did not specifically evaluate whether Medina's FM was equivalent to a specific listed impairment. I find this error to be harmless in light of the ALJ's findings as to Medina's RFC and pain, which are supported by substantial evidence."); *Newman v. Saul*, 474 F. Supp. 3d 345, 357 (D. Mass. 2020) ("Given that [claimant's] Somatic Symptom Disorder would not have met or equaled the listing, and thus not changed the outcome at step three, the error was harmless. Reversal or remand on this ground is not warranted."); *Bennett v. Berryhill*, 256 F. Supp. 3d 93, 98-99 (D. Mass 2017); *Rios v. Colvin*, No. 3:15-CV-30190-KAR, 2016

WL 7468802, at *12 (D. Mass. Dec. 28, 2016) (Remand is not warranted where "there exists substantial evidence in the decision as a whole for the step three determination"); *see also Coughlin v. O'Malley*, 719 F. Supp. 3d 228, 236 (E.D.N.Y. 2024) (*citing Valentin v. Comm'r of Soc. Sec.,* 408 F. Supp. 3d 203, 208 (E.D.N.Y. 2019)) ("A district court should not reverse an ALJ for failing to discuss an applicable listing if the ALJ explicitly found one of its necessary criteria unsatisfied when addressing a different listing.").

Indeed, regarding the examination of Listings 1.15(D)(1) and 1.16(D)(1), the ALJ stated that there was no documented need for assistive mobility devices. ALJ Milnes specifically noted: "[i]n addition, the previously mentioned listings were not met or equaled because there was no documented medical need for a walker, bilateral canes, bilateral crutches, or a wheeled and seated mobility device involving the use of both hands, nor does the claimant otherwise have an impairment that affects his ability to perform fine and gross movements." (Tr. 45). The written decision indicates that although objective diagnostic tests showed "some abnormal spinal pathology" and the medical records showed "an antalgic gait and the use of a one-point cane," the record did not support a finding of "listing-level severity" of Mr. Marrero-Narvaez' spinal disorders. (Tr. 45) (*citing* Docket No. 11-8, Exhibits B3F, B6F, B15F, B16F, B19F).

I agree with the Commissioner that Plaintiff did not provide evidence from a medical source that supports the need for an assistive device for a continued period of at least 12 months, as required by 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. § 404.1525(c)(3).

According to Mr. Marrero-Narvaez, on September 25, 2019, Dr. Ivonne Padilla wrote a medical note stating that he was "using a walker and a cane to support himself

due to the accident he suffered on June 24, 2016." (Docket No. 17 at 26 and Tr. 106).[2] However, as the Commissioner correctly points out, the alleged onset date of disability is November 15, 2019.

More importantly, Plaintiff cannot point to any medical evidence to establish that he required a qualifying assistive device for twelve consecutive months. Generally, a plaintiff's testimony, alone, does not suffice. *See, e.g., Drew v. Kijakazi*, No. 1:20CV01397, 2021 WL 4425783, at *10 (N.D. Ohio Sept. 27, 2021) (gathering cases) ("Numerous court decisions have considered a plaintiff's testimony regarding the use of assistive devices, finding it unavailing when the record lacked supporting medical documentation demonstrating the requirement for such a device."). And certain courts have ruled that a physician's observation that a claimant uses a hand-held assistive device "is not medical evidence establishing the need for" such device. *Christopher W. v. Comm'r of Soc. Sec.*, No. 3:23-CV-1106 (DJS), 2024 WL 3846069, at *3 (N.D.N.Y. Aug. 16, 2024) (*citing Hoke v. Colvin*, 2015 WL 3901807, at *14 (N.D.N.Y. June 25, 2015)).

Nevertheless, even Mr. Marrero-Narvaez' own averments refute that he needed a qualified assistive device—meaning a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands—for twelve consecutive months. In November 2020, Mr. Marrero-Narvaez stated that he used a cane "all the time" (Tr. 93) and only required a walker or wheelchair "just when [he] relapse[d]

---

[2] In fact, a service form from CentralHealth Care shows that Mr. Marrero-Narvaez rented a walker and wheelchair for a period of three months, from July 6, 2016, through October 16, 2016. (Tr. 107).

11

and [could not] walk." (Tr. 103). Therefore, Plaintiff admitted that he only uses a walker and wheelchair upon relapse and not continuously for at least 12 months.

The record also contains the following observations and notes regarding Plaintiff's use of an assistive device during the relevant period:

- Progress notes from August 20, 2018, and October 19, 2018, show that patient used a cane. (Tr. 169, 178).

- A medical note from the neurological evaluation performed by Dr. Claudia Camuñas) indicates that Mr. Marrero-Narvaez "walks with a 1-point cane that uses with the right hand prescribed by primary MD." (Tr. 1067-1069). However, in that same examination, Dr. Camuñas reported that the cane is not necessary at all times and in all types of terrain. (Tr. 1071).

Because Mr. Marrero-Narvaez did not meet his burden to show that he required a qualifying assistive device for twelve consecutive months, I find that there was no error at Step 3 regarding the consideration of Listing 1.17. To the extent there was error, it is harmless and does not warrant remand.

### 2.    Assessment of the Sit and Stand Option

Next, Plaintiff argues that in assessing his RFC, the ALJ erred in determining that Plaintiff had to "alternat[e] positions between sitting and standing every hour for 5-10 minutes while remaining on task." (Tr. 50). The ALJ based his conclusion on the "longitudinal medical findings, in particular lumbar pain, decreased range of motion, and radicular symptoms" together with Plaintiff's "constant subjective allegations of weakness and pain." (*Id.*). Despite recognizing that the ALJ acted in "good faith" in making the assessment, Plaintiff argues instead that sitting and standing worsens, rather than alleviates, his pain. (Docket No. 17, at 27-28). He further asserts that the record does not support the ALJ's recommendation.

Case 3:24-cv-01270-HRV    Document 22    Filed 03/24/25    Page 13 of 16

The Commissioner responds that Plaintiff has the burden of establishing his RFC under 20 C.F.R. § 404.1545(a)(3). Accordingly, the more restrictive RFC that the ALJ assigned to Plaintiff cannot be the basis to discount his determination.[3] The Commissioner cites several cases that supports this proposition. *See Dube v. Kijakazi*, No. 23-1068, 2024 WL 372841, at *1 (1st Cir. Jan. 16, 2024) ([A]lthough the ALJ labeled certain of [plaintiff's] claimed impairments "severe" while state medical consultants deemed them "non-severe," any error would be in [plaintiff's] favor, and [plaintiff] has failed to show how she might have been prejudiced. Reversal is therefore not warranted on this basis, either."); *Carstens v. Comm'r of Soc. Sec.*, No. CIV. 12-1335 MEL, 2013 WL 3245224, at *6 (D.P.R. June 26, 2013) (*citing Dampeer v. Astrue*, 826 F. Supp. 2d 1073, 1085 (N.D.Ill.2011) ("The fact that the ALJ gave plaintiff the benefit of the doubt in concluding that plaintiff's physical RFC was more limited than the physicians' RFC assessment should not be used to discount the ALJ's determination."); *Yearling v. Colvin*, 292 F. Supp. 3d 515, 520 (D. Mass. 2017) (finding that the ALJ did not commit reversible error in assigning plaintiff a more restrictive RFC. "If the RFC includes greater limitations than those in a physician's assessment, such limitations cannot be used to discount the ALJ's determination.").

---

[3] The state agency medical consultants' prior administrative medical findings—both of which the ALJ found partially persuasive (Tr. 51-52)—did not assign plaintiff a sit/stand option. (Tr. 501-02, 524-27).

13

Plaintiff's record citations do not convince me that the ALJ erred in his determination. For starters, Plaintiff relies on record entries prior to the onset date.[4] Second, Plaintiff has not explained how the RFC determination is prejudicial to him. But mainly, Mr. Marrero-Narvaez has failed to show how the evidence relied on by the ALJ is either insufficient or incorrect.

Therefore, I find no such error occurred and affirm the ALJ's conclusions at step three.

**B. Failure to Consider New and Material Evidence**

After the Appeals Council denied his request for review of the ALJ's decision, (Tr. 1-6), Plaintiff sent several pages of his medical record from December 2022 and January 2023 that he deemed "new and material." (Docket No. 17, at 29). The Appeals Council responded that the ALJ decided the case on December 31, 2021, and therefore, the evidence submitted was outside "the period at issue." (Tr. 2).[5]

When the Appeals Council receives evidence in connection with a claimant's request for review, it will grant that request when the evidence "is new, material, and

---

[4] A note dated 12/16/2018 from the Dorado Community Health Medical Center Emergency Room indicating that the Plaintiff complains of lumbar pain radiating to his right leg, which increases when he gets up from the chair (Tr. 215); a note from the Puerto Rico Medical Center external clinics dated 7/21/2016 recommending not to not to bear weight with the left leg (Tr. 240); and subjective allegations of pain during routine activities like changing positions in a nurse assessment form dated 6/27/2016. (Tr. 292).

[5] As stated in the Notice of Appeals Council Action: "You submitted [sic] medical record from Doctor's Center Hospital dated December 1, 2022, through January 16, 2023 (4 pages). The Administrative Law Judge decided your case on December 31, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2021." (Tr. 2).

relates to the period on or before the date of the hearing decision, and if there is a reasonable probability that the additional evidence will change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) and 416.1470(a)(5); Hearings, Appeals and Litigation Law (HALLEX) manual I-3-3-6. In conducting the review, the Appeals Council enjoys "broad latitude in deciding which cases will be reviewed," and "'need not and often does not give reasons' for its decision not to review a case." *Segundo-Mendez v. Comm'r of Soc. Sec.*, No. 22-1191, 2023 WL 6356644, at *10 (D.P.R. Sept. 29, 2023) (citing *Mills*, 244 F.3d at 5).

Here, the Appeals Council looked at the additional evidence submitted and found that it was outside the time period. *See De Jesus v. Saul*, No. CV 19-1135 (CVR), 2020 WL 13469349, at *6 (D.P.R. May 26, 2020) (Finding no error where the Appeals Council rejected a claim for review based on evidence dated two months after the decision. "The decision predates the sonogram and Plaintiff did not establish how this evidence would change the outcome of the ALJ's decision."). Although it did not need to proffer a reason for declining to review, the Appeals Council did in fact state its rationale.

Plaintiff avers that the Appeals Council is mistaken insofar as the evidence "relates to the period on or before the date of the hearing decision, because [it] contains medical information that was present before the ALJ's decision, particularly as a result of the accident suffered by the Plaintiff in 2016." (Docket No. 17, at 32). However, the Commissioner correctly asserts that evidence that reflects "worsening of the condition after the expiration of" the date last insured cannot be deemed evidence related to the applicable period. HALLEX I-3-3-6(B)(2). Plaintiff's declarations on the record show that he complains of symptoms worsening in 2023 and subsequently. (Tr. 69). Therefore,

15

the Appeals Council properly concluded that Mr. Marrero-Narvaez' additional evidence did not illustrate his condition prior to his date last insured.

Because the Appeals Council correctly concluded that Plaintiff's additional evidence was outside the period at issue and because it enjoys wide latitude in deciding whether a case is reviewed, I find that Plaintiff's claim of error is unavailing.

### V. CONCLUSION

In view of all of the above, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 24th day of March 2025.

> S/Héctor L. Ramos-Vega
> HÉCTOR L. RAMOS-VEGA
> UNITED STATES MAGISTRATE JUDGE